**In–Sun CHO**

v.

**ITCO, INC.**

No. 1:91–CV–0838.

United States District Court,
E.D. Texas,
Beaumont Division.

Jan. 2, 1992.

Richard E. Turkel, Orange, Tex., for plaintiffs.

Lynwood Sanders, Sanders & Gunn, Beaumont, Tex., for defendants.

MEMORANDUM

COBB, District Judge.

The plaintiffs in this case, In–Sun Cho and Tae Hoon Kim, brought suit for temporary and permanent injunctive relief asserting that the defendants, Itco, Inc., Grover Lee, Dennis Lee, and Ronnie Lee, violated the plaintiffs' civil rights by refusing to sell them certain commercial real estate because the plaintiffs are of Korean descent. The plaintiffs assert claims under 42 U.S.C. §§ 1981, 1982, and 1985(3). Because the plaintiffs failed in their burden to prove racial discrimination was a substantial factor for refusing to sell to the plaintiffs, the court finds for defendants. The tempo-

rary injunction granted on October 11, 1991, and amended November 5, 1991, is lifted and the permanent junction is denied.

The following facts are not in dispute. The plaintiffs are of Korean descent, and the defendants are Caucasian. The defendants refused to sell the premises which plaintiffs had been leasing to the plaintiffs. Instead, the defendants sold the property to Caucasian buyers for less money than the plaintiffs state that they offered.

Plaintiffs assert that the failure to sell to them was the result of racial discrimination. Aside from this conclusory allegation, no evidence is before the court which supports a finding of racial motivation. In fact, the defendants previously had offered to sell the property to the plaintiffs on two occasions, but the plaintiffs had refused without making counteroffers.

 To establish a violation of Sections 1981 and 1982, the plaintiff must present sufficient evidence for a reasonable fact finder to conclude that the defendant's actions were racially motivated. The plaintiff must show that race was one of the motivating factors for the defendant's actions. *Smith v. Firestone Tire & Rubber Co.*, 875 F.2d 1325, 1328 (7th Cir.1989); *Lee v. Washington Co. Bd. of Ed.*, 625 F.2d 1235, 1237 (5th Cir.1980). Once a prima facie case of discriminatory intent is made out the burden shifts to the defendant to show that their actions were not racially motivated, *Lee*, 625 F.2d at 1328, or that there is some legitimate non-discriminatory reason for their action. *Turner v. Texas Instruments, Inc.*, 555 F.2d 1251, 1254 (5th Cir.1977).

Plaintiffs have presented no evidence that Lee's unwillingness to sell to them was racially motivated. In fact, the evidence suggests that it was not. If Lee harbored such animosity toward the plaintiffs because of their race that he was willing to forego a $30,000 profit, it is inexplicable that he would have leased his premises to them for seven years. In light of the absence of affirmative evidence of racial motivation for Lee's actions, the presumption in favor of the plaintiffs does not

arise. Consequently, plaintiffs have failed to prove a prima facie case.

A claim under 42 U.S.C. § 1985(3) requires a showing of a conspiracy to deprive the plaintiff of equal protection of the laws. *Griffin v. Breckenridge*, 403 U.S. 88, 96, 91 S.Ct. 1790, 1795, 29 L.Ed.2d 338 (1971). A violation of §§ 1981 and 1982 supports a claim under § 1985(3). *Kwoun v. Southeast Mo. Prof. Standards Rev. Org.*, 622 F.Supp. 520, 529 (E.D.Mo.1985). The failure of the claims under §§ 1981 and 1982 is fatal to the plaintiffs' claims under § 1985(3).